**James MOSES, Plaintiff–Appellant,**

v.

**Molly O'TOOLE, M.D.; Ann Durrantt, M.D.; Corrections Corporation of America, Defendants–Appellees.**

**No. 01–5655.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

## ORDER

James Moses, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights claim, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Moses filed this action against two prison physicians and the Corrections Corporation of America (CCA). His complaint alleged that the defendant doctors were denying him medication and psychiatric treatment, and CCA was ignoring the recommendation of a different physician that he be placed in a bottom bunk on the ground floor.

The district court screened the complaint and dismissed it for failure to state a claim without service on the defendants, noting the absence of specific facts to support the broad allegations of Eighth Amendment violations.

On appeal, Moses argues that his complaint was dismissed prematurely, and that he should have been permitted to amend his complaint to correct any defects. Counsel for the appellees has informed the court that they will not be filing a brief.

This court reviews a dismissal for failure to state a claim de novo. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). In reviewing the complaint, all factual allegations must be accepted as true, and it must be apparent that no relief could be granted under any circumstances. *Id.* Upon careful consideration, we conclude that this complaint should not have been dismissed for failure to state a claim. Although the factual allegations were lacking in specificity, if Moses had been able to demonstrate that defendants were knowingly indifferent to his serious medical needs, he would have stated a claim under the Eighth Amendment. *See, e.g., Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir.1993); *Weeks v. Chaboudy*, 984 F.2d 185, 187–88 (6th Cir.1993). It is not possible to deter-

mine from the complaint alone that Moses would be unable to establish any facts that would entitle him to relief. Therefore, the district court's order of dismissal is vacated, and this matter is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.